UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HANNAH E. LOWRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CV-217-CEA-JEM |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

**REPORT & RECOMMENDATION**

This case is before the Court on Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. § 406(b) [Doc. 23], which the District Judge has referred to the undersigned for disposition or for report and recommendation as may be appropriate [Doc. 24]. *See* 28 U.S.C. § 636. Plaintiff requests an award of $18,789.68 in attorney's fees per 42 U.S.C. § 406(b) [Doc. 23]. Defendant has filed a response [Doc. 25], and Plaintiff has filed a reply [Doc. 28]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained more fully below, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** Plaintiff's Motion [**Doc. 23**].

I. **BACKGROUND**

Plaintiff filed a Complaint on June 21, 2023, seeking judicial review of the Commissioner's denial of her application for disability benefits [Doc. 1 p. 1]. On October 30, 2023, Plaintiff filed a Motion for Summary Judgment [Doc. 13]. She argued that the Administrative Law Judge ("ALJ") erred in (1) finding that her impairment did not meet or equal Listing 12.11, a severe

neurodevelopmental disorder; (2) evaluating the opinions of three doctors; and (3) determining her residual functional capacity ("RFC") [*Id.* at 10–22].

In November 2023, the parties filed a Joint Motion for Entry of Judgment with Remand Under Sentence Four of 42 U.S.C. § 405(g) [Doc. 15], asking the Court to reverse the ALJ's decision and remand the case for further administrative proceedings. The Court granted the motion [Doc. 16] and remanded the case per sentence four of 42 U.S.C. § 405(g) [Doc. 17]. On March 7, 2024, the Court awarded Plaintiff $1,275 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Docs. 21 & 22].

On remand, the Commissioner determined that Plaintiff was disabled [Doc. 23-1]. Plaintiff's past-due benefits through March 2025 totaled $81,794.02 [*Id.* at 3]. She began receiving monthly payments of $1,534 [*Id.*]. According to a Social Security Notice of Award Letter, the Administration withheld $27,264.68; its usual policy is to withhold twenty five percent to pay the approved representative's fee [*Id.*].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel now seeks an award of $18,789.68 in attorney fees under the Social Security Act, 42 U.S.C. § 406(b) [Doc. 23]. In support of the motion, her counsel has submitted a time record [*id.* at 6], the Social Security Notice of Award Letter [Doc. 23-1], and a Fee Agreement [Doc. 23-2]. He states that the agreement is a twenty-five percent contingency fee agreement for the work completed before this Court [Doc. 23 p. 2]. Counsel explains that the requested fee amount of $18,789.68 is the amount that the Commissioner withheld ($27,264.68) less the EAJA fee of $1,275 and the amount that he expects to be paid at the administrative level of $7,200 [*Id.* at 1 & 4].

Relying on *Gisbrecht v. Commissioner*, 535 U.S. 789 (2002), Plaintiff's counsel argues that (1) the character of the representation was very good, as evidenced by the length of the case, since Plaintiff applied for benefits in 2019 and filed successive appeals at several levels before ultimately prevailing on remand; (2) the requested fee would not be a windfall considering the results achieved and his experience and background; and (3) the requested fee is in line with fees awarded under Section 406(b) in other cases [*Id.* at 2–3 (citations omitted)].

The Commissioner filed a response and does not agree or stipulate to an award of fees but "bring[s] to the Court's attention information necessary for it to make a reasonableness determination on Plaintiff's [M]otion" [Doc. 25 p. 2]. He asserts that Plaintiff's counsel has not submitted a fee contract that covers work before this Court but a Form SSA-1693, a Fee Agreement for Representation Before the Social Security Administration [*Id.*]. The Commissioner notes, however, that Plaintiff and her counsel signed the form on June 16, 2023, shortly before filing this action [*Id.*]. "Therefore, the parties may have intended it to cover federal-court work even though the text of the agreement only references work before the agency" [*Id.*]. The Commissioner also points out that the June 2023 Agreement provides that Plaintiff will pay a maximum fee of $7,200, per 42 U.S.C. § 406(a)(2) [*Id.* at 3].[1] The Commissioner observes that another Form SSA-1693, from November 2020, is in the record as well [*Id.* at 2 n.2].

The Commissioner argues that *Gisbrecht*'s framework is inconsistent with a fee request without a contingency agreement and submits that the Court could "reasonably take various approaches" [*Id.* at 3]. First, the Commissioner proposes that the Court could conclude Plaintiff should not be charged more than the $7,200 she agreed to pay and deny the motion altogether, as

---

[1] The Commissioner notes that the current maximum is $9,200 for favorable decisions made on or after November 30, 2024, which would not apply to this case [Doc. 25 p. 3 n.2 (citation omitted)].

3

an Administrative Appeals Judge already awarded $7,200 to a representative with counsel's firm [*Id.*]. With this approach, the Commissioner suggests that Plaintiff's counsel be allowed to keep the EAJA fee that has already been awarded [*Id.* at 4].

Next, the Commissioner proposes that the Court treats the Agreement as establishing the fee for federal-court work only; he argues that given the timing of the agreement, the Court could reasonably view the parties' intent as establishing a new fee agreement for a new phase of representation [*Id.* at 4]. The Commissioner suggests that this inference may be less appropriate given Plaintiff's disability—the ALJ found in 2024 that she had a neurocognitive disorder resulting marked limitations relating to understanding information [*Id.*]. With this approach, he asserts that "the starting point [for determining a reasonable fee award] under *Gisbrecht* for work before this Court would be the $7,200 maximum specified by the fee agreement" [*Id.*].

Third, the Commissioner proposes that the Court could decide to award a reasonable fee for the 7.5 hours of federal-court representation without a contingency fee agreement [*Id.*]. Finally, the Commissioner asks that if the Court grants a § 406(b) fee, it also orders Plaintiff's counsel to refund the smaller of the EAJA and the § 406(b) fee to Plaintiff [*Id.* at 6].

Plaintiff filed a reply [Doc. 28]. Her counsel explains that in November 2020, Plaintiff entered a contingency fee agreement [*see* Tr. 152], including services beyond the administrative levels [Doc. 28 p. 1]. He states that the Administration changed its fee contract requirements in November 2022, and it was his practice to have clients sign a new fee contract once all administrative appeals had been exhausted [*Id.*]. In this case, though, he and Plaintiff "only entered a fee contract for services before the [] Administration and not before this Court" [*Id.*]. Counsel had not filed a fee agreement that covers work before this Court, which he says was error on his part [*Id.*]. He states that he "will not disagree with any of the options" that the Commission has

proposed but asks that the Court approve a fee that is "appropriate and commensurate with the work completed" [*Id.* at 2].

## `II.   ANALYSIS

Section 406(b) of the Social Security Act permits courts to award "a reasonable [attorney] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before § 406(b) fees will be awarded: (1) the Court must have rendered a judgment favorable to the plaintiff; (2) the plaintiff must have been represented by counsel; and (3) the Court must find that the fee is reasonable and not in excess of twenty-five percent of the total past-due benefits to which Plaintiff is entitled. *See id.*

*Favorable Judgment.* The Court remanded the matter pursuant to 42 U.S.C. § 405(g) [Doc. 15], which may be considered a "favorable judgment" for purposes of 42 U.S.C. § 406(b). *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (citation omitted). The first condition for an award of § 406(b) fees has been met.

*Representation.* Counsel represented Plaintiff before this Court. The second condition for an award of § 406(b) fees has been met.

*Reasonable Fee and Statutory Cap.* Section 406(b) establishes a cap of twenty-five percent and requires that the court determine the reasonableness of the award up to that maximum. 42 U.S.C. § 406(b)(1)(A). The attorney for the successful claimant must show that the requested fee is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

Contingent fee agreements are "the primary means by which fees are set for successfully representing Social Security Benefits claimants in court." *Id.* A court still must review such arrangements to determine whether the requested fee is reasonable. *Id.*

The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, then "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Even "[i]n the absence of a contingent fee agreement, the court may still determine 'a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits.'" *Steigerwald v. Saul*, No. 1:17-CV-01516, 2020 WL 6485107, *2 (N.D. Ohio Nov. 4, 2020) (footnotes omitted) (quoting 42 U.S.C. § 406(b)(1)(A)), *aff'd sub nom. Steigerwald v. Comm'r of Soc. Sec.*, 48 F.4th 632 (6th Cir. 2022). In *Steigerwald*, the court used counsel's fee request as a starting point and adjusted upward or downward based on the *Gisbrecht* criteria and the lodestar calculation. *Id.* at *4 (citing *Thomas v. Astrue*, 359 F. App'x 968, 975 (11th Cir. 2010) ("Even though there was no valid contingency agreement in the present case, *Gisbrecht*'s principles should guide the district court in determining a reasonable § 406(b) fee.")).

A. **Contingent Fee Agreement**

Plaintiff initially asserts that she signed a twenty-five percent contingency agreement with counsel for the work completed before this Court, referencing the June 2023 Agreement [Doc. 23 pp. 1–2]. The Commissioner submits that (1) Plaintiff did not agree to pay a fee for the work

6
Case 3:23-cv-00217-CEA-JEM    Document 29    Filed 08/27/25    Page 6 of 12    PageID #: 1494

performed before this Court, and (2) even if the Court were to construe the June 2023 Agreement as covering federal-court work, Plaintiff agreed to pay a maximum of $7,200 [Doc. 25 pp. 2–3].

Although counsel states that he and Plaintiff entered a contingency fee contract "including services beyond the administrative levels" at the outset of the case [Doc. 28 p. 1; *see* Tr. 152], he later concedes that they "only entered a fee contract for services before the Social Security Administration and not before this Court" [Doc. 28 p. 2]. The Court therefore finds that counsel does not have a valid contingent fee agreement with Plaintiff for the work performed before this Court. Accordingly, the twenty-five percent fee, subject to a $7,200 cap, is not entitled to a rebuttable presumption of reasonableness. *Steigerwald*, 2020 WL 6485107, at *3.

## B. Reasonable Attorney's Fees

"Without a contingent fee agreement, the Court must evaluate [c]ounsel's fee request and award a reasonable fee in light of the Supreme Court's *Gisbrecht* decision and relevant Sixth Circuit precedent." *Id.* The fee cannot exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). The relevant factors outlined by the Supreme Court in *Gisbrecht* are "the difficulty of the case, the character of the representation, the lack of delay on counsel's part, and the results that counsel achieved." *Steigerwald*, 48 F.4th at 643 (citation omitted). Other factors include the Commissioner's opposition to the fee and the brevity of the representation. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014). Counsel must show that the requested fee is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

Here, counsel asks that the Court award $18,789.68 [Doc. 23 pp. 1 & 4]. The letter from the Administration reflects that Plaintiff was owed $81,794.02 [Doc. 23-1 p. 3].[2] Counsel thus

---

[2] The Notice of Award Letter dated April 2025 states that Plaintiff was owed $81,794.02 through March 2025 [Doc. 23-1 p. 3]. It also states that the Administration usually withholds 25% of past-due benefits to pay the approved representative and that in this case, it withheld $27,264.68

7

seeks about 22% of Plaintiff's past-due benefits, which falls below the statutory cap. To support this request, counsel highlights the character of the representation, his experience and background, and the results achieved [Doc. 23 p. 3]. He submits a time ledger for the work performed before this Court, totaling 7.5 hours [*Id.* at 6].

Counsel asserts that the character of the representation in this case was "very good" [Doc. 23 p. 2]. Indeed, counsel competently raised multiple issues in the motion for summary judgment and resolved the case quickly. Plaintiff filed her complaint in June 2023 [Doc. 1] and the Court remanded the matter upon the parties' joint motion in November 2023 [Doc. 15]. *See Steigerwald*, 2020 WL 6485107, at *5 & n.69 (finding that the speed of resolution favored a higher award where the plaintiff filed the complaint in July 2017 and the court granted her motion for summary judgment in January 2019).

Counsel achieved a favorable result for Plaintiff, who is entitled not only to past due benefits in the amount of $81,794.02 but also to future benefits [*See* Doc. 23-1 p. 3 (stating in the Notice of Award that Plaintiff "will receive $1,534.00 each month" after April 2025)]. The value of the case to Plaintiff is more than the past-due benefits. *See Hall v. Colvin*, No. 3:11-CV-571, 2016 WL 792415, at *2 (E.D. Tenn. Feb. 29, 2016) (looking favorably on the fact that the plaintiff's counsel "achieved a favorable result for plaintiff in the form of nearly $100,000 in past-due benefits, plus potential future benefits . . ."). These *Gisbrecht* factors support a higher fee award.

While counsel points to the length of the overall case, this cuts against the reasonableness of the requested fee. As he describes, Plaintiff filed for benefits in 2019, filed successive appeals

---

[*Id.*]. The Court notes that 25% of $81,794.02 is $20,448.50.

before the Administration before filing this action in 2023, and was found disabled upon remand after further administrative proceedings. Although counsel resolved the case before this Court quickly, Plaintiff's past-due benefits increase as time passes, *Rodriquez*, 865 F.2d at 739, and the process for obtaining social security benefits can be a lengthy one, *Lasley v. Comm'r of Soc. Sec.*, No. 1:10-CV-394, 2013 WL 3900096, at *7 (S.D. Ohio July 29, 2013) (reasoning that "in relation to the length of the overall case, counsel's having represented [the p]laintiff in this Court for the relatively brief period from June of 2010 until this case was closed in August of 2011 undercuts, rather than supports, his claim for an unusually large fee"), *report and recommendation adopted*, No. 1:10CV394, 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013), *aff'd*, 771 F.3d 308 (6th Cir. 2014); *see also Thatch v. Comm'r of Soc. Sec.*, No. 09-cv-454, 2012 WL 2885432, at *6 (N.D. Ohio July 13, 2012) (finding it "perverse that an ultimately successful disabled claimant should be further punished by the delays of the administrative process").

"If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. Counsel expended 7.5 hours on the case, which falls below the "the normal range of time spent on the mine-run Social Security appeal." *Vandenboom v. Comm'r of Soc. Sec.*, 2022 WL 18587036, at *1 (W.D. Mich. Apr. 27, 2022) (finding "within the Sixth Circuit . . . 20 to 30 hours [i]s the normal range" (citation omitted)).

In the Eastern District of Tennessee, "the prevailing market rate for representing Social Security disability claimants is generally $200–$300 per hour." *Jagdeo v. Kijakazi*, No. 3:17-CV-469, 2022 WL 571547, at *3 n.4 (E.D. Tenn. Feb. 1, 2022) (citations omitted). Based

on these rates, the general floor for a reasonable fee is between $3,000[3] and $4,500.[4] *Hayes*, 923 F.2d at 422. The effective hourly rate of the requested fee award is $2,505.29,[5] between eight and twelve times the standard rates in this district. *See Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014) (affirming reduction of fee award where district court considered, as one factor, that the effective hourly rate grossly exceeded—more than quadrupled— the standard rates applied to social security fee requests in the district (citations omitted)).[6] This supports a reduced a fee award.

The Commissioner—who is normally a disinterested party to § 406(b) motion, *Lasley*, 2013 WL 3900096, at *3—asserts that "in the absence of a valid contingency-fee agreement, the resulting fee would be far less than counsel seeks here" [Doc. 25 p. 5]. This factor supports a reduced fee award.

Counsel references his background and experience—other courts have noted his credentials and that he has "extensive experience in representing Social Security claimants." *Wert v. Comm'r of Soc. Sec.*, No. 1:17-CV-0477, 2020 WL 6268232, at *3 n.4 (S.D. Ohio Oct. 26, 2020) (citation omitted), *report and recommendation adopted*, No. 1:17CV477, 2020 WL 6685343 (S.D. Ohio Nov. 12, 2020). Most, if not all, the hours worked appear to be appropriately characterized as attorney time as opposed to clerical or paralegal time. *See Hayes*, 923 F.2d at 422 (considering "what proportion of the hours worked constituted attorney time as

---

[3] $200 x 7.5 hours x 2

[4] $300 x 7.5 hours x 2

[5] $18,789.68/7.5

[6] Counsel asserts that the requested fee is in line with fees awarded under Section 406(b) by courts from other districts in 2002 and 2003 [Doc. 23 p. 3].

opposed to clerical or paralegal time"). His years of practice likely contributed to his efficiency and effectiveness in this case. *Lee v. Kijakazi*, No. 2:20-CV-240, 2023 WL 5601861, at *3 (E.D. Tenn. Aug. 29, 2023). Counsel also notes that he takes all Social Security cases on contingency, and the Court is mindful of the risk that attorneys absorb in these matters. *See Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) ("[W]e cannot ignore the fact that the attorney will not prevail every time . . . . Contingent fees generally overcompensate in some cases and undercompensate in others."). The Court is also mindful that § 406(b) motions are "inextricably intertwined with issues of access to representation and economic security for recipients of social security benefits." *Amanda G. v. Comm'r of Soc. Sec.*, No. 1:20-CV-987, 2024 WL 3741534, at *3 (S.D. Ohio Aug. 8, 2024) (internal quotations and citation omitted).

Considering all of this, the undersigned concludes that counsel has not met his burden to show that $18,789.68 is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The undersigned finds that a fee of $9,000 "best serves the twin aims of § 406(b)[:] to 'protect the social security claimant from the burden of paying excessive attorney's fees' while also 'assur[ing] adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation.'" *Steigerwald*, 2020 WL 6485107 at *6 (quoting *Rodriquez*, 865 F.2d at 744). The undersigned recommends that a fee of $9,000 be awarded under 42 U.S.C. § 406(b).

As a final matter, counsel asserts that the EAJA fee should be credited against the twenty-five percent of past due benefits [Doc. 23 p. 4]. The Commissioner asserts that an attorney who receives fees under the EAJA and § 406(b) must return the smaller award to the claimant [Doc. 25 p. 6]. *See Gisbrecht*, 535 U.S. at 796 (citation omitted). Accordingly, the Commissioner asks that if the Court award § 406(b) fees, the Court also order that counsel comply with this requirement [*Id.*]. Counsel does not reference EAJA fees or dispute this point in his reply.

Accordingly, the undersigned further recommends that Plaintiff's counsel be responsible for refunding to Plaintiff the previous EAJA award in the amount of $1,275.

III. **CONCLUSION**

Based upon the foregoing, it is hereby **RECOMMENDED**[7] that the District Judge **GRANT IN PART** Plaintiff's Motion for Attorney's Fees Under Social Security Act, 42 U.S.C. Section 406(b) [**Doc. 23**], award attorney's fees in the amount of $9,000 to Plaintiff's counsel to be paid out of Plaintiff's past-due benefits in accordance with agency policy under 42 U.S.C. § 406(b), and order, that, upon receipt of these fees, Plaintiff's counsel remit to Plaintiff the attorney's fees previously received from the Commissioner pursuant to the EAJA, $1,275.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).